IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MYA SARAY, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:10cv789 (AJT/TCB) |
| ) | |
| AL-AMIR, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the Report and Recommendation ("R & R") (Doc. No. 138) of the Magistrate Judge, in response to which defendant Ali Hammoud filed his Objection to Report and Recommendation ("Objection") (Doc. No. 141). In the R & R, the Magistrate Judge recommends that default judgment be entered against defendants Ali Hammoud and Al-Amir, Inc., and that plaintiff Mya Saray, LLC, be awarded $188,418.68 in damages; $3,562.97 in costs; and $248,863.29 in reasonable attorney's fees. The Magistrate Judge also recommends that a permanent injunction be entered against defendants, and that defendants be ordered to make available for pickup by Mya Saray within five (5) days all products created or produced by Mya Saray, or infringing any of Mya Saray's trademarks or patents. *See* Doc. No. 138 at 37-38.

No objections to the R & R have been filed on behalf of defendant Al-Amir, Inc. Defendant Hammoud presents two objections to the R & R. He first objects that the R & R "does not separate the claims against Defendant Al Amir, Inc. [from] that against Defendant Hammoud[,]" including for the purposes of the awards of damages and attorney's fees against defendants. Objection at 4. Hammoud contends that the "sole claim against Defendant

Hammoud personally is a Breach of Contract claim relating to Defendant Hammoud's signature on a Settlement Agreement with Plaintiff that Defendant Hammoud signed both as President of Al-Amir, Inc. and personally" and that the remaining claims other than the breach of contract claim are "claims only against Defendant Al-Amir, Inc." *Id.* In further support of this objection, Hammoud contends that "[t]he basis for the award for attorney's fees is the statutory provisions under the Patent and Trademark Federal and Virginia statutes[,] which are claims only against Defendant Al-Amir, Inc." *Id.* Accordingly, Hammoud asserts, the Court should "enter a new order which separates the damages awarded for Breach of Contract against Defendant Hammoud [from] those against Defendant Al-Amir, Inc., and further makes clear that the attorney's fee award is only against Defendant Al-Amir, Inc." *Id.* Hammoud's second objection to the R & R is that "the amounts awarded to Plaintiff for attorney's fees are unreasonable." *Id.* at 5-8.

The Court, having considered Hammoud's Objection, and reviewed *de novo* the record in this case, including as it relates specifically to the two issues about which Hammoud objected, concludes that Hammoud's objections are meritless. The Court first concludes that Hammoud contractually agreed to be held personally liable for "all prohibitions and duties of [the Settlement Agreement dated November 14, 2008.]" Those duties included the obligation to comply with covenants not to use Mya Saray products and marks in infringing ways. Ex. 1 to Objections, at 1-2, 4. The Court also concludes that defendant Hammoud engaged in conduct, in addition to his entering into the Settlement Agreement, that imposes upon him liability in his personal capacity with respect to the claims of trademark infringement, patent infringement and unfair competition. He is therefore jointly and severally liable with defendant Al-Amir, Inc., for damages and attorney's fees assessable with respect to those claims. The Court also concludes that the award of attorney's fees recommended in the R & R is reasonable when measured by the

applicable standards and considerations under the facts and circumstances of this case. Finally, the Court concludes that sanctions are warranted and should be imposed on defendants, that default is an appropriate sanction as to defendants, and that no sanction less drastic than default is appropriate under the applicable considerations. Accordingly, it is hereby

ORDERED that defendant Ali Hammoud's Objection to Report and Recommendation ("Objection") (Doc. No. 141) be, and the same hereby is, OVERRULED, and that the Magistrate Judge's Report and Recommendation dated October 18, 2011 (Doc. No. 138) be, and the same hereby is, ADOPTED; and it is further

ORDERED that judgment be, and the same hereby is, entered in favor of Mya Saray, LLC, and against defendants Al-Amir, Inc., and Ali Hammoud, jointly and severally, in the total amount of $440,844.94, consisting specifically of $188,418.68 in damages; $3,562.97 in costs; and $248.863.29 in attorney's fees; and it is further

ORDERED that defendants Ali Hammoud and Al-Amir, Inc., each of their officers, agents, servants, employees and attorneys, and all other persons who are in active concert or participation with them, be, and the same hereby are, ENJOINED and RESTRAINED from:

1. violating Sections 1.1, 1.2, 1.3 and 1.4 of the parties' settlement agreement dated effective November 14, 2008, (the "Settlement Agreement"), including specifically as follows:

    (a) in accordance with Section 1.1, defendants are not to distribute, sell, market, advertise, import, vend or purchase hookah products having product configurations identical to or confusingly similar to the hookah products depicted in Exhibit 5 to the parties' Settlement Agreement, including the depicted hookah components individually, such as hookah bottles/bases and

hookah stems. These products include, without limitation, what defendants market as the Andile Hookah or the Maganda Hookah, or any other hookah having the same shape, form and structure as the Maganda hookah, the Andile hookah or the Mya Saray QT Hookah;

 (b) in accordance with Section 1.2, defendants are not to sell, distribute, purchase, or market any products with the packaging labeled as Disputed Packaging under the parties' Settlement Agreement, as explained and depicted in Exhibit 2 to the parties' Settlement Agreement;

 (c) in accordance with section 1.3, defendants are not to use Mya Saray's marks and trademark terms, as listed in the parties' Settlement Agreement, or any word, phrase, logo or design confusingly, misleadingly or deceptively similar thereto, including use on signage, web sites, brochures, product displays, and similar media;

 (d) in accordance with section 1.4, defendants must take reasonable steps to ensure that the Jamila hookah, or any similar hookah, including the Andile Light hookah, bears an appropriately legible reference to its non-Mya Saray brand name or its non-Mya Saray source;

2. passing off as Mya Saray products, or enabling others to sell or pass off as Mya Saray products, those products that are not Mya Saray products; or otherwise engaging in conduct causing the reasonable belief that defendants' goods are the goods of Mya Saray or are sponsored by, associated with, related to, or under the supervision or control of Mya Saray;

3. manufacturing, selling or offering for sale, marketing, advertising, distributing, or importing containers identical to, substantially the same as or confusingly similar to the plaintiff's Open Top Carrying Cage or the Closed Top Carrying Cage;

4. infringing or otherwise appropriating or utilizing without permission or consent Mya Saray's trademarks Reg. Nos. 3,031,439 and 3,031,440, and Mya Saray's patent, United States Patent No. 7,404,405;

5. using the designations Mya and Mya (as stylized) and hookah products and packaging that have a design confusingly similar to any protectable Mya Saray trade dress, including specifically what the defendants have marketed or sold as the Andile hookah or Maganda hookah, or the Mya Saray QT hookah;

6. selling the Jamila hookah or Andile Light hookah without an appropriately legible reference to its non-Mya Saray name or its non-Mya Saray source; and

7. moving to the retail level of any store or outlet any units whose sale or possession are prohibited by this injunction, whether in the defendants' possession, or held by wholesalers, jobbers, or other industry middlemen; and it is further

ORDERED that within five (5) days of entry of this Order, defendants make available for pickup by Mya Saray, at their own expense, all products created or produced by Mya Saray, including any component parts thereof, and also all products, or component parts thereof, infringing any of Mya Saray's trademarks or patents, including, without limitation, what defendants have marketed or sold as the Maganda hookah, the Andile hookah, the Andile Light hookah, the Mya Saray QT hookah, and the Jamila hookah without a proper designation of its non-Mya Saray brand name or source.

The Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 55 and 58, and is

directed to forward copies of this Order to all counsel of record and to defendants at the following addresses:

> Mr. Ali Hammoud
> 27120 Kingswood Dr.
> Dearborn Heights, MI 48127
>
> Al-Amir, Inc.
> 15322 West Warren Ave.
> Dearborn, Michigan 48126

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
November 21, 2011